IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| **ANTHONY RICKETTS** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:20-cv-01541-RDA |
| v. ) | |
| ) | |
| **KSJ & ASSOCIATES, INC.** ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

## **RULE 26(f) JOINT PROPOSED DISCOVERY PLAN**

Plaintiff Anthony Ricketts ("Plaintiff"), and the Defendant KSJ & Associates, Inc. ("Defendant"), through their respective counsel, respectfully submit the following Rule 26(f) Joint Discovery Plan in accordance with this Court's March 4, 2021 Scheduling Order.

The parties respectfully report that they believe they have discussed the required topics under Rule 16 and the local rules and, having agreed on the matters set out below, request that the Court enter an order approving the plan.

I. Conference of the Parties

The Plaintiff and the Defendant (collectively, the "parties") have conferred prior to this conference to consider the matters set forth in Rule 26(f) and the claims, defenses, possibilities of a prompt settlement, trial before a magistrate judge and to arrange for disclosures as required by Rule 26(a)(1), and the Order of this court.

II. Initial Disclosures

The parties agree that initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be exchanged on or before March 31, 2021. There will be no changes in the form and requirements for the disclosures under Rule 26(a)(1).

1

III.     Settlement Potential

The parties are not in favor of participating in a settlement conference with a magistrate judge.

IV.     Consent to Magistrate Judge

The parties do not agree to such assignment.

V. Completion of Discovery

As set forth in the Court's Scheduling Order ECF No. 10 all discovery must be completed by July 9, 2021 except as may be further modified by the Court.

VI.     Fact Depositions

The parties agree that the number of non-party, non-expert depositions will be five (5) for both Plaintiff and Defendant, but all parties reserve the right to seek leave of the Court to take additional depositions.

VII.    Interrogatories

The parties agree that the exchange of interrogatories and responses shall be conducted pursuant to Fed. R. Civ. P. 33 and applicable local rules with the parties limited to serving no more than the thirty (30) interrogatories, as provided by Rule 33, including parts and subparts, with the right to move the Court for permission to propound more should the need arise.

VIII.   Requests for the Production of Documents

The parties agree that the exchange of written requests for the production of documents and responses shall be conducted pursuant to Fed. R. Civ. P. 34 and applicable local rules.

IX.     Requests for Admissions

The parties agree that the exchange of written requests for admissions shall be conducted pursuant to Fed. R. Civ. P. 36 and applicable local rules.

X.  Proposed Deadlines

The parties propose the following deadlines under Rules 16(b) and (c):

a. The parties agree that any amendment of the pleadings shall be by March 31, 2021and governed by Rule 15.

b. The identity of and reports and disclosures from retained experts under Rule 26(a)(2) will be due from Plaintiff by May 3, 2021; and from Defendant by June 3, 2021. Plaintiff shall disclose by June 17, 2021 any evidence that is solely contradictory or rebuttal evidence to Defendant's disclosure.

c. The parties shall exchange copies of exhibits and witness lists on or before July 9, 2021, at 10:00 a.m., prior to the final pretrial conference. Objections to the exhibits and witness lists shall be filed no later than July 30, 2021. Any exhibits not objected to by that deadline shall stand admitted into evidence.

d. The Final Pretrial Conference will be held on July 15, 2021 at 10:00 a.m. The items that the parties are required to bring to the Final Pretrial Conference are recited in the Court's Order issued on March 4, 2021.

XI. Serving and Filing Pleadings

Service and filing of pleadings or court papers in this case shall adhere to the United States District Court for the Eastern District of Virginia Electronic Case Filing ("ECF") policies. The parties agree that they are not required to mail each other paper copies of documents they file via the ECF system. The parties agree that all documents not served via the ECF system may be served by e-mail pursuant to the agreement of the parties as set out below.

Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties agree that service of notices of deposition, discovery requests and other such papers not required to be filed with the Clerk of Court will be accepted by e-mail. Any attachments to discovery, deposition notices, or other papers not filed with the Clerk of Court shall either be e-mailed simultaneously, or faxed as soon as possible following the e-mail transmission, or sent via an electronic file-sharing platform in the same calendar day or sent via messenger or overnight delivery on the same day as the e-mail transmission or other means as agreed to by the parties. In case of service of attachments via

messenger or overnight delivery and notwithstanding the earlier receipt of the partial filing, service will not be effective until receipt of the attachments by the other party.

The parties also agree and acknowledge, pursuant to Fed. R. Civ. P. 5(b)(2)(E), that service by e-mail is not effective if the party making service receives any type of communication that the document(s) being served was not received by the intended recipient. In such a case, service must be made as soon as practicable after receipt of such communication.

XII.     Electronically Stored Information

Regarding Rules 26(f)(3)(C), the parties recognize their obligation to preserve and produce, if requested in discovery and proportional to the needs of the case pursuant to Rule 26(b)(1), relevant, non-privileged documents including electronically stored information. Electronically stored information produced in discovery, if any, may be produced in hard copy, as attachments to email, via share file link, or on CD/DVD or other appropriate electronic storage device, and the parties may produce responsive documents, including electronically stored information, in the most cost-effective manner given the type and volume of responsive information.

Producing electronically-stored information (ESI) in native format is not necessary unless the parties agree otherwise with respect to a particular document or class of documents, or unless production in native format is necessary to allow the requesting party to read the document as it 5 was intended to be read (e.g., MS Excel spreadsheets), or to verify authenticity or date the document was created. Counsel for the parties have agreed to work cooperatively to resolve any issues concerning the production of electronically stored information.

XIII.  Claims of Privilege or Protection of Trial Preparation Materials

Regarding Rule 26(f)(3)(D), the parties agree that if privileged or other protected information is inadvertently produced, the producing party may by timely notice assert the privilege or protection and obtain return of the material without a waiver. They agree to the entry of and will submit in due course a proposed order pursuant to Rule 502(d) of the Federal Rules of Evidence. Notwithstanding the immediately preceding paragraph, it is intended that discovery requests will not solicit any material protected either by the attorney/client privilege or work product doctrine, which was created by, or developed by, counsel for the responding party. If any inquiry is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) will be required as to such material.

XIV.  Preservation of Discoverable Information

The parties have addressed the matter of preservation of discoverable information. Counsel for the parties represent that they have made their respective clients aware of their obligations regarding preservation of discoverable information.

XV.  Protective Order

The parties agree that an appropriate protective order may become necessary to protect confidential information in this case. If unable to agree on such an order, Plaintiff and Defendant shall each submit for the Court's approval for simultaneous hearing on a date mutually agreed to by the parties their respective proposed protective orders to govern the treatment and filing of confidential information.

XVI.    Summary Judgment

The parties agree that Fed. R. Civ. P. 56 and Local Civil Rule 56 shall govern motions for summary judgment.

XVII.   Waiver of Pre-Trial Conference

The parties believe an appearance at the scheduled pretrial conference on March 17, 2021 is unnecessary, and respectfully request that the appearance be cancelled or, in the alternative, be conducted telephonically.

Dated: March 10, 2021                              Respectfully submitted,

                                    By:   __/s/_____
                                          Monique A. Miles, Esquire (VSB # 78828)
                                          Old Towne Associates, P.C.
                                          216 S. Patrick Street
                                          Alexandria, VA 22314
                                          Phone: 703-519-6810
                                          Fax: 703-684-3520
                                          mmiles@oldtownassociates.com

                                          /*s/Janice Williams-Jones*
                                          Janice Williams-Jones
                                          *PRO HAC VICE*
                                          Law Office of Janice Williams-Jones
                                          3545 Ellicott Mills Drive, Suite 308
                                          Ellicott City, Maryland 21043
                                          Phone: 410-203-1246
                                          Fax: 410-203-2301
                                          Lawofficeofjwjones@gmail.com

                                          *Counsel for Plaintiff*

                                    By:   __/s/_____
                                          Alan S. Block (VSB No. 32528)
                                          Kiernan Trebach LLP
                                          1233 20th Street, NW, 8th Floor
                                          Washington, D.C. 20036
                                          Phone: 202-712-700
                                          Fax: 202-712-7100
                                          Email: ablock@kiernantrebach.com

                                          *Counsel for Defendant*